■ SHELLEY SPODEK, Respondent, v LANCE SPODEK, Appellant. [604 NYS2d 716] —Order, Supreme Court, New York County (Martin Stecher, J.), entered February 25, 1993, which, insofar as appealed from, granted in part plaintiff's motion to enforce certain financial terms of the parties' divorce judgment, unanimously affirmed, without costs.

The provision in the parties' stipulation of settlement dated November 19, 1986, incorporated but not merged into the parties' divorce judgment entered March 25, 1987, requiring defendant to pay plaintiff a lump sum of $75,000 is governed by the 20-year Statute of Limitations set out in CPLR 211 (b) or (e). Concur—Carro, J. P., Rosenberger, Ellerin and Kassal, JJ.

■ STA TRAVEL (NEW YORK), LTD., Appellant, v RANDALL J. RAYMOND, Respondent. [603 NYS2d 8] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 4, 1993, insofar as it denied plaintiff's motion for partial summary judgment for breach of contract, unanimously affirmed, without costs.

The IAS Court properly determined that the issue of defendant's mental capacity to contract cannot be decided on the existing record. Questions of fact exist as to whether defendant signed the agreement as the result of impulsive or irrational behavior *(see, Blatt v Manhattan Med. Group,* 131 AD2d 48, 52), given evidence of defendant's manic depressive condition and suicide attempts related to the present accusations against him and by documentary evidence that the bulk of the airline tickets for which he agreed to make repayment were misappropriated from plaintiff's office *after* he had stopped working there. Plaintiff's failure to controvert this latter contention raises an issue of fact as to whether the agency knew or should have known that defendant was irrationally agreeing to make repayment for tickets that he could not have stolen. Concur—Carro, J. P., Rosenberger, Ellerin and Kassal, JJ.